**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZANE SCHOENFELD,

      Plaintiff - Appellant,

v.

TRAVIS SIDES, 13th Judicial
District, Deputy District Attorney in
his personal capacity for damages,

      Defendant - Appellee,

and

GERARD O'HALLORAN,
Washington County Deputy Sheriff
in his personal capacity for
damages; KRISTEN THOMPSON,
13th Judicial District Probation
Officer in her personal capacity for
damages,

      Defendants.

No. 17-1299
(D.C. No. 1:16-CV-02630-MSK-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

---

[*]    Because oral argument would not materially aid our consideration of
the appeal, we have decided the appeal based on the briefs. *See* Fed. R.
App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **MORITZ**, Circuit Judges.

_____

This appeal involves the distinction between claims of false arrest and malicious prosecution. When someone is falsely arrested or maliciously prosecuted, state actors face potential liability under 42 U.S.C. § 1983. But the two claims differ: The claim of malicious prosecution is confined to seizures (for purposes of the Fourth Amendment) based on "'legal process'" like a warrant. *Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008) (quoting *Mondragón v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008)). The tort of false arrest is confined to seizures undertaken without legal process. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007).

In this case, Mr. Zane Schoenfeld sued under § 1983, claiming that he had been arrested without probable cause. The arrest grew out of Mr. Schoenfeld's status as a registered sex offender. Law-enforcement officers learned that Mr. Schoenfeld had not registered a new social-media account, and this information led to the issuance and execution of an arrest warrant. Though Mr. Schoenfeld was arrested, the State eventually realized that he had no obligation to register his new social-media account. With this realization, the State dismissed the charges against Mr. Schoenfeld. But not before he was jailed and fired from his job.

In the ensuing litigation, the district court dismissed the cause of action against the prosecutor, concluding that Mr. Schoenfeld had failed to state a valid claim. We engage in de novo review, considering the allegations in the complaint in the light most favorable to Mr. Schoenfeld. *See Lincoln v. Maketa*, 880 F.3d 533, 537 (10th Cir. 2018).

Engaging in de novo review, we conclude that the dismissal was correct. False arrest or malicious prosecution can result in a constitutional violation, but we analyze the two claims differently. *Wilkins v. DeReyes*, 528 F.3d 790, 798-99, 799 n.5 (10th Cir. 2008). Mr. Schoenfeld's allegations would ordinarily entail malicious prosecution, not false arrest, because the arrest was based on a warrant—a classic form of legal process. *Id.* at 799.

But in the amended complaint, Mr. Schoenfeld expressly disavowed any claim against the prosecutor for malicious prosecution. *See* Appellant's App'x at 17 ("The Plaintiff is not suing [the prosecutor] for Malicious Prosecution."); *id.* at 18 ("[The prosecutor] is not sued for malicious prosecution."). "A litigant is not entitled to disavow a claim before one court only to spring it on his opponent at the next stage of the proceedings." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1239-40 (10th Cir. 2005). Mr. Schoenfeld not only disavowed a malicious-

prosecution theory in district court but also failed to address this theory in our court. As a result, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge